UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SC CONDENSATE AND HIGHLAND PROJECT LOGISTICS, INC. *Plaintiffs* | * * * * * | CIVIL ACTION |
| VERSUS | * * * | NO. |
| M/V STADE, her engines, boilers, etc., *in rem*, STELLAR LINE OCEAN TRANSPORT LTD., AND EAGLE MARITIME CONSULTANTS, INC., *in personam* *Defendants* | * * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT, FOR THE EASTERN DISTRICT OF LOUISIANA:**

The Complaint of SC Condensate and Highland Project Logistics, Inc. against the M/V STADE, her engines, boilers, etc., *in rem*, and Stellar Line Ocean Transport Ltd. and Eagle Maritime Consultants, Inc., *in personam*, in a cause of cargo loss and damage, civil and maritime, aver upon information and belief, as follows:

### FIRST CAUSE OF ACTION

1.

Jurisdiction is conferred upon this Court pursuant to the Admiralty and Maritime Jurisdiction of the United States Courts, 28 U.S.C. §1333 and Art. III of the United States Constitution. Jurisdiction is also predicated upon 28 U.S.C. §1332. This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.

At all times pertinent hereto, plaintiff, SC Condensate was and now is a business entity, created and existing pursuant to the laws of a country other than the United States with its place of business located in the Republic of Kazakhstan, and was at all times pertinent hereto the owner of the Cargo described herein below.

3.

At all times pertinent, plaintiff, Highland Project Logistics, Inc. ("Highland Project Logistics") was and now is corporation organized, created and existing pursuant to the laws of the State of New Hampshire, with its place of business located in Londonberry, New Hampshire, and was at all times pertinent acting on behalf of cargo owners and/or interests.

4.

At all times pertinent hereto, the M/V STADE was a general ship engaged in the common carriage of cargo by water for hire, and is now or will be during the pendency of process hereunder within this district and within the jurisdiction of this Honorable Court.

5.

At all times pertinent hereto, defendant, Stellar Line Ocean Transport Ltd. ("Stellar Line") was and still is a corporation or other legal entity organized, created and existing pursuant to the laws of a foreign country, and engaged in the common carriage of cargo, including the Cargo described herein below, by water and land for hire, and was at all times pertinent hereto to the owner, operator, manager and/or charterer of the M/V STADE.

6.

At all times pertinent hereto, Eagle Maritime Consultants, Inc. ("Eagle Maritime") was and still is a corporation organized, created and existing pursuant to the laws of the State of Texas, with a place of business and registered office located in Kenner, Louisiana.

7.

Defendants Eagle Maritime and Stellar Line were at all pertinent times and still are doing business in this judicial district and/or have sufficient contacts with the United States of America as a whole under the Federal Rules of Civil Procedure Rule 4(k)(2) to establish this Court's jurisdiction over said defendants. Venue is proper herein pursuant to 28 USC §1391.

8.

On or about January 10, 2015, pursuant to Invoice No. 4771-002-SH005 in the amount of $19,147,176.54 with delivery terms "FCA – Houston", SC Condensate purchased from Ventech Fabrication Services, LLC of Pasadena, Texas various steel components including, but not limited to, radiant and convection sections, heaters, ducts, piping, compressors and controls all comprising a Modular Hydrocarbon Processing Unit HTS Code 8419400009 (the "Cargo").

9.

Highland Project Logistics for the benefit of Cargo owners and/or interests made arrangements with Stellar Line to carry and transport the Cargo, which consisted of twelve (12) containers and thirty-two (32) breakbulk modules, via ocean going vessel from the Port of Houston, Texas to Novorossiysk, Russia. Thirteen (13) of the breakbulk modules were covered with protective plywood while the other nineteen (19) breakbulk modules were exposed to the elements.

10.

On or about January 28, 2015 at the Port of Houston, Texas, the aforedescribed shipment of Cargo consisting of twelve (12) containers and thirty-two (32) break bulk modules, in good order and condition, was delivered to Stellar Line for loading and carriage aboard the M/V STADE to Novorossiysk, Russia, all in consideration of an agreed pre-paid freight and in accordance with the terms of certain bill(s) of lading issued by Stellar Line and/or its agent Stellar Freight Ltd. The aforementioned bill(s) of lading were then signed and delivered to the shipper of said cargo by the duly authorized agent, representative and/or employee of defendants. Plaintiffs refer to said bill(s) of lading for greater certainty as to the contracts of carriage which they represent and will produce the originals or copies thereof at trial.

11.

On or about February 2 through 5, 2015, Stellar Line loaded, stowed, lashed and secured the Cargo referred to in the preceding paragraph aboard the M/V STADE.

12.

Eagle Maritime was engaged by and for the benefit of Cargo owners and/or interests to attend the loading of the Cargo aboard the M/V STADE and to ensure that the Cargo was not damaged during loading. Eagle Maritime was also engaged to inspect and confirm that the Cargo was properly and adequately stowed, lashed and secured aboard the vessel for the ocean voyage from the Port of Houston, Texas to Novorossiysk, Russia.

13.

On or about February 5, 2015, the M/V STADE departed the Port of Houston with the Cargo loaded aboard. However, the Cargo was not delivered in Novorossiysk, Russia in the same good order and condition as when delivered to Stellar Line and shipped, but on the contrary, the Cargo was severely damaged while being carried aboard the M/V STADE en route from the Port of Houston, Texas to Novorossiysk, Russia.

14.

The damage to the Cargo aboard the M/V STADE, as described in the preceding paragraph, was caused by the unseaworthiness of the M/V STADE and/or by the fault and negligence of Stellar Line and/or those for whom it is responsible, all of which was in breach of the obligations of Stellar Line under the governing contract(s) of afreightment and/or under the Carriage of Goods by Sea Act and/or under the Harter Act and/or some other governing scheme of liability.

15.

Prior to the commencement of this action, SC Condensate became the owner of the Cargo subject of the shipment described herein.

16.

This action is brought on behalf of Plaintiffs and on behalf of all parties who may become interested in the aforesaid damage and loss to the shipment of Cargo as their respective interests may ultimately appear.

17.

Plaintiffs have performed all of the conditions precedent on its part under the terms of the aforesaid bill(s) of lading.

18.

As a result of the aforesaid damage and loss, SC Condensate did sustain a loss presently estimated in the amount of $5,151,450, plus survey fees and expenses, no part of which has been paid, although duly demanded. Plaintiffs reserve the right to amend their damage estimation as this matter proceeds.

19.

By reason of the foregoing, SC Condensate and Highland Project Logistics have a maritime lien against the M/V STADE, her engines, boilers, etc., for the aforesaid damage and loss in the aggregate sum of $5,151,450, plus survey fees and expenses, with interest thereon and their costs and disbursements, and Plaintiffs are entitled to be paid by preference and priority from the sale of said vessel.

20.

All and singular the matters aforesaid are true and correct.

SECOND CAUSE OF ACTION

21.

SC Condensate and Highland Project Logistics reiterate and reaver all of the allegations contained in paragraphs 1 through 20 of the First Cause of Action as if copied herein *in extenso*.

22.

The aforesaid damage and loss to the cargo of riser joints was caused by the breach of contract, negligence, gross negligence and fault of defendant Eagle Maritime, and/or those for whom Eagle Maritime is responsible in the following non-exclusive respects:

a) failing to provide a properly trained and experienced surveyor to inspect the cargo to confirm the adequacy of the loading, stowing, lashing and securing of the Cargo aboard the M/V STADE;

b) failing to adhere to industry standards of a marine surveyor concerning the inspection, loading, stowing, lashing and securing of the Cargo;

c) failing to ensure the Cargo was properly loaded, stowed, lashed and secured aboard the M/V STADE;

d) failing to determine that the stowage plan and/or cargo lashings pertaining to the Cargo were substandard and improper; and

e) any other acts of breach of contract, negligence, gross negligence, want of due care and/or fault which will be shown at the trial of this matter.

SC Condensate and Highland Project Logistics reserve the right to make additional allegations of negligence and fault during the course of this litigation as more facts become available.

WHEREFORE, SC Condensate and Highland Project Logistics, Inc. pray that:

1) The Clerk of Court issue a warrant for the arrest and seizure of the M/V STADE, her engines, boilers, etc., and that all persons claiming any right, title or interest in said vessel be summoned to appear and to answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid, with interest, costs and disbursements.

2) Defendants, Stellar Line Ocean Transport Ltd. and Eagle Maritime Consultants, Inc., be served with copies of this Complaint, together with summonses to appear and answer under oath all and singular the matters aforesaid;

3) After due proceedings are had that there be Judgment in SC Condensate's and Highland Project Logistics, Inc.'s favor and against the defendants M/V STADE, Stellar Line Ocean Transport Ltd. and Eagle Maritime Consultants, and that the Court order, adjudge and decree that the defendants pay to Plaintiffs the losses sustained, together with interest thereon and their costs and disbursements; and

4) Plaintiffs have such other and further relief in the premises as in law and justice they may be entitled to receive.

Respectfully submitted,

MONTGOMERY BARNETT, L.L.P.

/s/ _____
PHILIP S. BROOKS, JR., T.A. (#21501)
RONALD J. KITTO (#28638)
1100 Poydras Street, 3300 Energy Centre
New Orleans, LA 70163
Telephone: (504) 585-3200
Facsimile: (504) 585-7688
E-mail: pbrooks@monbar.com
rkitto@monbar.com

*Attorneys for Plaintiffs, SC Condensate
and Highland Project Logistics, Inc.*

**SERVICE BY WAIVER:**

**M/V STADE**
Hold

**STELLAR LINE OCEAN TRANSPORT LTD.**
5-7 Kanari Street
185 37 Piraeus, Greece

And through its agent,

Stellar Freight, Ltd.
80 Broad St., Suite 2704
New York, New York 10004

**EAGLE MARITIME CONSULTANTS, INC.**
Through its agent for service of process
Philip Koshi
2323 Bainbridge St.
#113
Kenner, LA 70062

## **VERIFICATION**

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared;

PHILIP S. BROOKS, JR.,

who deposed and stated that he is a partner of the law firm of Montgomery Barnett, L.L.P., attorneys for Plaintiffs herein; that he has read the foregoing Complaint and knows the contents thereof, and that the same are true to the best of his knowledge and belief; that the sources of his knowledge and the grounds for his belief are various documents and information furnished to him by Plaintiffs, and with specific authorization.

_____
PHILIP S. BROOKS, JR.

Sworn to and subscribed before me,
this 14 day of DECEMBER, 2015.

_____
NOTARY PUBLIC

DONALD J. KITTO
NOTARY PUBLIC
Bar # 28638
Parish of Orleans, State of Louisiana
My Commission is issued for Life

-10-